IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JUANITA DAWSON,** | § | |
| Plaintiff, | § | |
| | § | No. 3:04-CV-2446-M |
| v. | § | |
| | § | |
| **JOHN POTTER, Postmaster General,** | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Court has under consideration Defendant's "Motion to Dismiss . . . Or in the Alternative Motion for More Definite Statement" ("Motion to Dismiss") which the District Court referred to the United States Magistrate Judge for findings, conclusions, and recommendation. Additionally, the Court has considered Plaintiff's March 29, 2005 letter which the Court construes as a motion for reconsideration of its March 11, 2005 order denying Plaintiff's second motion for appointment of counsel. The Court hereby grants Plaintiff's motion for reconsideration to the extent that the Court will attempt to find counsel who will represent Plaintiff *pro bono*. The Court now turns to Defendant's Motion to Dismiss.

Plaintiff's Complaint, filed November 12, 2004, alleges as follows:

> Discriminated against because of my disability and was not allowed reasonable accommodation. Seek complete compensatory damages. Make whole. Sex, age, race, physical and mental and emotional disability, prior EEO, retaliation. I will file amended complaint.

Defendant notes certain deficiencies in Plaintiff's Complaint under FED. R. CIV. P. 8 and 10 and seeks dismissal, or alternatively, a more definite statement.

Plaintiff, proceeding pro se, sought leave to proceed *in forma pauperis*. Accordingly,

this Court screened this case pursuant to 28 U.S.C. § 1915 e(2) and 1915A. This Court noted the deficiencies that Defendant has pointed out in his motion and sent Plaintiff interrogatories to bring into focus the factual and legal basis of her claims and afford her the opportunity to allege her best case. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976). Plaintiff answered the Court's questions.

The Court has fully considered the Complaint as explained by the answers to Question numbers 2 and 3 of this Court's Interrogatories and by the attached copy of the EEOC's "Denial of Request for Reconsideration" in EEOC Appeal No. 01A32944, Agency No. IG-754-0109-00, filed by Plaintiff on January 12, 2005. Plaintiff alleges that Defendant discriminated against her, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*., and Section 501 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. § 791, *et seq*, on the bases of her sex (female), race (African American), disability (back injury, stress, and depression), and in reprisal for prior protected EEO activity. Plaintiff alleges that Defendant subjected her to unlawful discrimination when: (1) beginning on August 9, 2000, her supervisor harassed her; and (2) on August 31, 2000, she reported to work but was placed off the clock.

Following a hearing, an Administrative Judge issued a decision finding "no discrimination." The agency adopted the decision. Plaintiff appealed, and the Commission affirmed the agency's final order. Plaintiff requested reconsideration, and the request was denied. Plaintiff was notified that she had ninety calendar days from the date that she received the decision to file a civil action. The ninety days commenced on August 21, 2004, and Plaintiff filed her complaint in this action on November 12, 2004, well within the ninety days.

Local Rule 12.1 provides that "except for motions complaining of failure to plead fraud or mistake with particularity pursuant to FED. R. CIV. P. 9(b), a motion for more definite statement may only be filed where the information sought cannot be obtained by discovery." While Plaintiff's Complaint is insufficient under the Federal Rules, the Court finds that the Complaint amended by Plaintiff's Answers to Questions 2 and 3 of this Court's Interrogatories and the copy of the EEOC's "Denial of Request for Reconsideration" are sufficient to withstand dismissal at this nascent stage of the proceedings and to give Defendant the notice that it needs to proceed with discovery.

The Court notes that Plaintiff has filed numerous discovery materials in an apparent attempt to fully answer this Court's Interrogatories. The copy of the "Denial of Request for Reconsideration" is sufficient for the Court to determine Plaintiff's statement of her claim and her exhaustion of administrative remedies. With the exception of the copy of the EEOC's "Denial of Request for Reconsideration," Plaintiff should not have filed these materials. *See* Local Rule 5.2. Plaintiff is hereby directed not to file discovery and evidentiary materials and is hereby given notice that, if she does so, the Court will direct the Clerk of Court to unfile them.

This Court attaches to these findings as "Exhibit A" a copy of the relevant part of Document Number 11, Plaintiff's "Response to Magistrate Judge Interrogatories" (Questions 2 and 3), and a copy of the attached EEOC "Denial of Request for Reconsideration."

**Recommendation**

The Court recommends that Defendant's Motion to Dismiss be denied without prejudice.

Signed May 24, 2005.

                                      PAUL D. STICKNEY
                                      UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE