# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JUANITA DAWSON, § | |
|     Plaintiff, § | |
| § | No. 3:04-CV-2446-BF (M) |
| v. § | |
| § | |
| JOHN POTTER, Postmaster General, § | |
|     Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge. Plaintiff alleges that Defendant discriminated against her, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-2(a)(1), and Section 501 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), as amended, 29 U.S.C. §§ 791 and 794. Plaintiff alleges the discrimination was due to her sex (female), her race (African American), her disability (back injury, stress, and depression), and in reprisal for previous protected activity. Plaintiff timely filed her complaint on November 12, 2004. At that time, Plaintiff was represented by counsel whose services she later terminated. Plaintiff is proceeding pro se. The Court has under consideration Defendant's "Motion to Dismiss," filed July 13, 2007. Plaintiff failed to file a timely response.

Plaintiff's responses to interrogatories and document production were due on May 17, 2007. However, Plaintiff failed to respond. Additionally, Defendant noticed Plaintiff for a May 23, 2007 deposition. Plaintiff failed to appear. Defendant filed a motion requesting the Court to vacate the scheduling order and compel Plaintiff to respond to discovery and appear for her deposition. On June 14, 2007, this Court granted Defendant's motion and ordered Plaintiff to deliver her responses to the interrogatories and requests for production to Defendant's counsel no later than Thursday,

July 5, 2007. Furthermore, the Court ordered Plaintiff to appear for her deposition on Tuesday, July 10, 2007, commencing at 10:00 A.M. at the United States Attorney's office, 1100 Commerce Street, Third floor, Dallas, Texas. The Court warned Plaintiff that failure to comply with the Court order could result in sanctions, including dismissal of her case. Plaintiff failed to comply with the discovery requests and again failed to appear for her deposition. Defendant seeks dismissal with prejudice on the grounds that Plaintiff disobeyed the Court's order and has totally failed to cooperate in discovery.

The sanction of dismissal is warranted when the requisite factors of clear delay and ineffective prior sanctions are coupled with any of the following aggravating factors: (1) a plaintiff's personal responsibility for the delay; (2) the degree of actual prejudice to the defendant; and (3) whether the delay was the result of intentional conduct. *Rogers v. Kroger*, 669 F.2d 317, 319-20 (5th Cir. 1982). This Court's prior sanctions of vacating the scheduling order and ordering Plaintiff to comply with discovery and appear for her deposition were not effective. Plaintiff wholly failed to comply with the court order. Plaintiff caused Defense counsel and a court reporter to wait at two different deposition settings by failing to contact counsel or appear for her deposition. This Court knows from Plaintiff's previous pro se responses that she understands that she is required to meet deadlines and to comply with Court orders.[1] The Court concludes that Plaintiff's failure to respond is intentional. Plaintiff disobeyed the latest Court order, despite a warning of the consequences for failure to comply. Defendant was prejudiced because this case has been pending since 2004, and Plaintiff has not provided the requisite discovery. Plaintiff has made it impossible for Defendant to defend the allegations against it. Significantly, Plaintiff's conduct has resulted in the expenditure

---

[1] The Court attempted, but was unable, to find pro bono counsel who could represent Plaintiff.

of significant judicial resources. The Court finds that lesser sanctions would continue to be ineffective and that dismissal with prejudice is warranted.

Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's action is **DISMISSED WITH PREJUDICE**. The Court awards court costs to Defendant.

**SO ORDERED** August 6, 2007.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE